PEOPLE ex rel. EASTMAN v. SCOTT et al., Commissioners.

(Supreme Court, Appellate Division, Third Department. March 11, 1902.)

**1. HIGHWAYS—RELEASE OF LANDS—FILING—EVIDENCE—SUFFICIENCY.**

Highway Law, § 80, requires that a release of the lands over which
a highway is to pass shall be filed and recorded in the town clerk's office
before the filing of the order laying out the road. At the time an order
opening a highway was signed by the highway commissioners, an order

purporting to be a release was given to one of them, who had since died. Two witnesses testified that some two years afterwards they saw the paper in the clerk's office, but did not state that it was on file, or of record, or in the custody of the clerk. Plaintiff testified that the clerk told him the paper was not filed, because of a request of the commissioners, but the clerk denied making such statement, and testified that no such paper was left in his office for filing. Neither the paper nor any reference thereto could be found in his office. Held, that the weight of evidence was against the claim that the paper was left for filing, so that mandamus would not issue to compel the commissioners to open the road.

2. SAME—LOST INSTRUMENT—CONTENTS.

Conceding that the paper was left for filing, it was a lost instrument, and, there being no evidence of its contents, mandamus would not issue.

Appeal from special term.

Application by the people, on the relation of Dayton T. Eastman, for a writ of mandamus against Michael Scott and others, commissioners of highways. From a judgment granting the writ, defendants appeal. Reversed.

In August, 1896, an order made by the commissioners of highways of the town of Callicoon was filed in the clerk's office of the town, laying out a highway over certain lands therein specified. No proceedings were taken to open such road until, in June, 1899, the owner of some of such lands applied to the highway commissioners of such town to open and work the same. The commissioners refused, on the ground that no release of such lands, as is required by section 80 of the highway law, had been filed and recorded in such office, and that therefore such order was inoperative. Such owner, the relator herein, then applied for a mandamus requiring the commissioners to open the road. An alternative writ was granted, and a trial thereon subsequently had, at a special term of this court, and upon such trial the court found, as a fact, that the written consent of all the property owners through whose lands the road was to run, releasing all claims for damages, and dedicating the necessary lands for such road, was delivered by the commissioner to the town clerk for filing and recording; that such order was regular and still operative; and thereupon made an order that a mandamus be issued directing the commissioners to proceed and open the road as therein laid out. From that order this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

R. C. Maltby, for appellants.

J. M. Maybee, for respondent.

PARKER, P. J. Section 80 of the highway law requires that a road shall not be laid out over lands dedicated to the town, unless there be "filed and recorded in the town clerk's office," at or before the time of filing the order laying it out, a "release of the lands" over which the road is to pass. Such is not the language, but it is the plain provision of the section in question. If, therefore, no such release as is by that section required had been filed with the order in question, the order was illegal, and without force, and the commissioners were without authority to proceed under it. I am of the opinion that the proof before the special term utterly failed to sustain the conclusion that such a release had ever been filed. That none had ever been recorded is conceded. Without discussing or deciding whether a filing without recording would be sufficient, let us examine the evidence upon which it is claimed that one had been filed. It appears that when the order

was signed by the commissioners a paper purporting to be a release was given to one of them. The evidence is very unsatisfactory as to whether it was signed by all the several owners of lands over which the road is laid; but, conceding that it had been, what did that commissioner do with it? He has since died, and gives no evidence on that subject. Two witnesses testify that some two years afterwards they saw that paper in the town clerk's office. Neither says he saw it on file there, or that it was there as one of the records of the office, or in the custody of the clerk,—merely that he saw it there. The relator further swears that the clerk told him that he did not file the paper, because the town board directed him not to. The clerk, however, denies that he ever told him so, and, moreover, testified that no such paper was ever left at the office for filing. None can now be found on file in the office; nor is there any entry in the office referring to any filing or recording of one. The clerk testified distinctly that none was ever filed or recorded. On this evidence it seems clear that the paper was never actually filed. Neither does the court find that it was. It merely found that it was left for filing. Also the clear weight of evidence is against the claim that the paper was ever left there to be filed. The alleged declaration of the clerk that it was is not evidence of that fact against the commissioners or the town. The evidence of the witnesses that they had seen it there is also too indefinite as to the situation and condition in which it was seen there to overcome the positive testimony of the officer in charge that it never was left there for filing. But, suppose the paper referred to as being left with the one commissioner had been left at the clerk's office for filing to be filed; concededly it cannot now be found there. It is a lost instrument, and no evidence of its contents has been intelligently given by any witness. Those who claim to have seen it call it a release. But that is merely giving the paper a name, not giving a statement of its contents. It is, in effect, their opinion merely. What have we before us to show that it was a "release" of the lands, such as the statute requires? Was it witnessed or acknowledged? Was it under seal or not? Was it anything more than a consent that the road might be laid out? Did it release anything more than damages for laying it out? What was its language, and what its legal effect? We have no information whatever on either of these subjects. We know only that the witness called it a release. Now, the clear purpose of the statute is to secure to the town some sure and permanent evidence of its title to a right of way over the lands claimed to be dedicated for the purpose of a road, and to protect the town against the expense and liabilities incident to the opening and working of the road unless it has acquired a clear right to do so. Surely, if the town in the case before us has no better evidence of title to the lands through which this road is to be opened than was shown to the special term, these commissioners have slight protection against an action for trespass should they proceed to take possession of and construct a highway across them. Such evidence would hardly be put forward as establishing a release against any owner of the lands in question, and I. am of the opinion that the commissioners should not be compelled to enter upon and appropriate lands to which the town can establish scarcely the shadow of

a title. Their right is much too doubtful to be enforced by a writ of mandamus, and the order appealed from should be reversed.

Order reversed, with $10 costs and disbursements. Motion for mandamus, with costs as to an action. All concur. FURSMAN, J., concurs in result.